## Case No. 16,184.

UNITED STATES v. RODRIGUEZ et al.

[Hoff. Land Cas. 82.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND CLAIMS.

No objection to this claim made by the United States.

[Claim by Maria Concepcion Valencia de Rodriguez and others for the Rancho San Francisquito, containing three-fourths of a league of land in Santa Clara county; confirmed by the board of land commissioners, and appeal taken by the United States.]

S. W. Inge, U. S. Atty.
Stanley & King, for appellees.

HOFFMAN, District Judge. The grant in this case was made on the first day of May,

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

## Case No. 16,185.

UNITED STATES v. RODRIGUEZ.

[Hoff. Land Cas. 170.] [1]

District Court, N. D. California. June Term, 1856.

MEXICAN LAND GRANTS — ARCHIVAL EVIDENCE — POSSESSION.

[Claim confirmed on evidence from the archives, supported by long continued possession, though the original title was lost.]

[Claim of Manuel Rodriguez to the Rancho Butano, being one league of land in Santa Cruz county, California.]

William Blanding, U. S. Atty.
Jeremiah Clarke, for appellee.

HOFFMAN, District Judge. The claim in this case was confirmed by the board, an appeal having been taken on the part of the United States, but the cause has been submitted to this court without argument, or the suggestion, on the part of the appellant, of any objection to the validity of the claim. The claimant, and those under whom he derives title, appear to have been in possession of the premises in question for nearly twenty years; and though the original title delivered to the interested party has been recently lost, we agree with the board in considering the secondary evidence of its contents as sufficient. In all these cases, the evidence from the archives is perhaps even more satisfactory than that afforded by the production of an alleged original title; for the facilities for the commission of a forgery of this single paper are far greater than are offered for the perpetration of the same crime, when numerous documents have to be forged and subsequently introduced among the archives. A list of the latter has long since been made, and no new expediente could now be placed amongst them without imminent risk of detection. In this case the record of the pro-

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

ceedings is full and minute, and the character of the documents and the number of the signatures afford intrinsic evidence of genuineness. If to this be added the fact of long continued possession, from a date anterior to the provisional grant, we are unavoidably led to the conclusion that the grant must have issued at the time and in the terms alleged by the claimant. We think a decree of confirmation should be entered.

[The case was subsequently heard upon objections to survey. See Cases Nos. 16,181–16,183. The final decree locating the claim was affirmed in 1 Wall. (68 U. S.) 582.]